STATE

v.

Kane SOUVANAVETHI.

No. 96–468–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Aaron Weisman, Providence.

Marie T. Roebuck, Providence.

### ORDER

This case came before the court for oral argument March 4, 1997, pursuant to an order that had directed all parties to appear before this court in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Kane Souvanavethi, has appealed from convictions entered in the Superior Court following a trial before a justice without the intervention of a jury on charges of carrying a concealed weapon, carrying a pistol without a license and possession of marijuana. The sole issue raised by the defendant in support of his appeal was the denial of his motion to suppress evidence seized at the time of his arrest following a pat-down search by Officer Michael Cahill (Cahill) of the Woonsocket Police Department. At the hearing on the motion to suppress, Cahill testified that he was informed by a superior officer that certain juveniles had been arrested the previous night for selling cocaine in the area patrolled by Cahill. After their arrest, the superior stated, the juveniles described the person for whom they were distributing narcotics as an Asian, dark-skinned male, with long black hair which was parted in an unusual and distinctive manner.

While on patrol, Cahill observed an Asian male who fit the description that had been given him by his superior. Cahill and his partner stopped their police cruiser in order to speak with this person. During a casual conversation, Cahill noted that the defendant became nervous and evasive in his replies, that he would not make eye contact with the officers, and avoided their line of vision while conversing. Based upon these observations, Cahill conducted a pat-down search for weapons. He felt a hard metal object in the rear pocket of defendant's clothing which he believed to be an ammunition clip. He seized the object and found that it was an ammunition clip. At this point, the defendant was cuffed and both officers conducted the search. Cahill found a small caliber handgun in defendant's front waistband. At this juncture one of the officers admonished the defendant in respect to his *Miranda* rights and then asked him whether he had a permit to carry the weapon. The defendant admitted that he did not have such a permit and was then arrested for possession of a handgun. A further search of the defendant's person resulted in the seizure of a plastic bag containing marijuana.

The trial justice found as a matter of fact and concluded as a matter of law that the seizure of defendant and the pat-down search was justified by reasonable articulable suspi-

cion as permitted by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and applied by this court in *State v. Tavarez*, 572 A.2d 276 (R.I.1990). In *Tavarez*, we adopted a totality of circumstances test pursuant to *U.S. v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

Viewing the trial justice's analysis under this totality of circumstances test, we conclude that the trial justice was correct in holding that this was a classic *Terry*-type encounter wherein the officers had reasonable articulable suspicion that the suspect was engaged in criminal activities and that due to the nature of dealing in narcotics he might well be armed and dangerous.

Consequently, the defendant's appeal is denied and dismissed. The denial of the motion to suppress is affirmed and the judgments of convictions are affirmed.